■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVADOR POU, JR., Appellant.—Judgment unanimously af-

firmed. Memorandum: The court properly received into evidence against defendant the statement made by his alleged coconspirator, O'Keefe. At trial, defendant objected to the receipt of that statement on the ground that there was no showing that a conspiracy existed between defendant and O'Keefe, citing the case of *People v Liccione* (50 NY2d 850, *rearg denied* 51 NY2d 770). On appeal, defendant does not argue that the People failed to prove a conspiracy. He argues, instead, that the admission of the statement of the coconspirator violated the Confrontation Clause of the United States Constitution *(see, Ohio v Roberts,* 448 US 56). Inasmuch as defendant did not object to the admission of the statement on that ground, he has failed to preserve the issue for appellate review.

We reject defendant's contention that the court erred in denying the motion to suppress the statement defendant made to the police. The statement of one policeman concerning the seriousness of the offense allegedly committed by defendant did not "creat[e] a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]). We find nothing in the record to support defendant's contention that his statement was coerced by the action of the police.

The court properly held that defendant's statement was admissible, even though he initially invoked his right to silence. Based on the testimony at the suppression hearing, the court found that, after defendant was first given his *Miranda* warnings, he indicated that he did not want to talk. Thereafter, for a period of six hours, the police refrained from questioning defendant. After defendant was transported from Syracuse to Watertown, he asked to speak to someone in authority. He was referred to the Captain in charge. After the Captain gave defendant *Miranda* warnings, defendant made the statement concerning his participation in the crime. As the Court of Appeals has held, neither *Miranda* nor any broader constitutional mandate prohibits the police from making a subsequent request for a statement after defendant has first invoked his right to silence as long as the request is not made "in the course of continued importunity or coercive interrogation in the guise of a request for reconsideration" *(People v Gary,* 31 NY2d 68, 70). Here, the request was not made in the course of continued importunity or coercive interrogation.

For the reasons stated in the decision of the suppression court, we conclude that the police had probable cause to arrest defendant.

Also for the reasons stated in the decision of the suppression court, we conclude that the application for an eavesdropping warrant contained sufficient information to establish probable cause for issuance of the warrant and to establish that normal investigative procedures were unlikely to succeed or were too dangerous to employ.

For the reasons stated in the decision of the suppression court, we conclude that the People met their burden of proof concerning the proper execution of the eavesdropping warrant (see, People v Floyd, 41 NY2d 245, 252). There is no merit to defendant's argument that the tapes were not properly protected from editing or other alteration.

We find no merit to defendant's argument that the bill of particulars furnished by the People was deficient. As stated in the bill of particulars, the People did not rely upon any express agreement to prove the conspiracy but relied, instead, upon a course of conduct from which the agreement might be inferred (see, People v Mackell, 47 AD2d 209, 213, affd 40 NY2d 59; People v Parker, 124 Misc 2d 772, 774).

Defendant failed to preserve for review his contention that the prosecutor made a statement on summation that was not supported by the record.

Finally, we reject defendant's argument that his sentence is harsh and excessive. (Appeal from Judgment of Jefferson County Court, Clary, J.—Conspiracy, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.