**Manuel CONCEPCION, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV 95–5337.**

United States District Court,
E.D. New York.

Aug. 30, 1996.

Manuel Concepcion, White Deer, PA, Pro Se.

Zachary W. Carter, United States Attorney, Eastern District New York, by David L. Goldberg, Assistant United States Attorney, Brooklyn, NY, for U.S.

### MEMORANDUM DECISION and ORDER

SPATT, District Judge.

In this action, the petitioner pro se, Manuel Concepcion ("Concepcion" or the "petitioner") moved the Court for an Order directing that the government return $926,355.00 more or less, and other property and currency that was seized from him at the time of his 1989 arrest in connection with a criminal proceeding. As a result of the criminal prosecution, Concepcion was convicted of racketeering and money laundering and sentenced to life imprisonment. The currency and other property that was seized was subsequently forfeited to the United States Government by the Drug Enforcement Administration ("DEA" or the "respondent").

A judicial forfeiture proceeding, *United States v. $926,355.00 more or less,* CV 89–3638 (TCP) was commenced on or about October 30, 1989. A Decree of Forfeiture and Order of Delivery was signed by then Chief Judge Thomas C. Platt on January 11, 1990. A letter dated June 15, 1995 was submitted to the Clerk of the Court for the United States District Court in the Eastern District of New York by Manuel Concepcion, bearing the docket reference number CV 89–3638, seeking return of the subject property as well as other items. The case was reassigned from Judge Platt to Judge Spatt as related to *United States v. Melendez,* CR 89–229 (ADS) on September 7, 1995. Upon review by the Eastern District Pro Se Clerk, the June 15, 1995 letter from Manuel Concepcion was deemed to be a petition for the return of seized property and a new civil docket number, CV 95–5337, was assigned to the action.

### I. Background

The facts stated below are taken from (1) the record of a prior judicial forfeiture action, *U.S. v. $926,355.00 more or less,* CV 89–3638 (TCP), (2) the present petition and the petitioner's reply to the government's opposition, (3) the government's memorandum in opposition of Concepcion's petition to vacate the administrative forfeiture, and (4) the declaration of William J. Snider, Forfeiture Counsel of the Drug Enforcement Administration.

On March 14, 1989, the petitioner was arrested by federal law enforcement agents in connection with his participation in a racketeering, narcotics, money laundering, and weapons operation. On December 23, 1990, Conception was convicted on 11 counts of racketeering and money laundering. He was sentenced by this Court to life imprisonment and is presently incarcerated at the United States Penitentiary in Allenwood, Pennsylvania. At the time of Petitioner's 1989 arrest, government agents seized numerous items of property from various members of the illegal operation. Among the seized property was

approximately $926,355.00, which was the subject of the judicial forfeiture proceeding, *United States v. $926,355.00 more or less,* CV 89–3638 (TCP). An automotive repair shop to which Concepcion refers in the present action was also the subject of a judicial forfeiture proceeding, *United States v. Premises Located at 82 South 4th St. Brooklyn, NY,* CV 89–2953 (TCP), which was closed on January 15, 1991.

The petitioner now moves for return of the $926,355.00, that was forfeited pursuant to the Order dated January 11, 1990 signed by then Chief Judge Platt in CV 89–3638. He also seeks return of an automotive repair shop that was the subject of *United States v. Premises Located at 82 South 4th St., Brooklyn, NY,* CV 89–2953.

The petitioner also seeks return of the following items, that were seized and subsequently administratively forfeited in 1989 and 1990: (1) coat/hat; (2) $8,080.00; (3) $10,716.00; (4) assorted jewelry valued at $73,820.00; (5) mink jacket valued at $12,250.00; (6) Camaro automobile valued at $8,000.00; (7) Harley motorcycle valued at $8,465.00; (8) Harley motorcycle valued at $5,780.00; (9) Honda motorcycle valued at $2,700.00; (10) Chevrolet sedan valued at $10,000.00; (11) 1955 Chevrolet Impala valued at $10,000.00: (12) 1933 Ford Roadster valued at $6,000.00; (13) 1984 Ford Jeep valued at $8,000.00; (14) Honda Sabre valued at $935.00 (15) jewelry valued at $750.00; (16) Honda motorcycle valued at $1,935.00; and (17) $2,476.00. Concepcion also seeks return of a 1988 Cadillac that he alleges was seized by the government on March 15, 1989. Neither party submitted information to the Court regarding that item. At various times throughout 1989, the seized property listed above was administratively forfeited to the exclusive use and benefit of the United States, pursuant to 19 U.S.C. § 1609.

## II. DISCUSSION

A brief overview of the statutory forfeiture scheme is instructive in understanding the issues presented in this case. "The Comprehensive Drug Abuse Prevention and Control Act of 1970 (the "Act"), Pub.L. No. 91–513, Title II, § 511, 84 Stat. 1276 (1970) (codified as amended at 21 U.S.C. § 881(a) (1998 & Supp. III 1991)), provides for the civil forfeiture of property that has been used either to facilitate narcotic transactions or to acquire the proceeds of such criminal activity." *Linarez v. United States Dep't of Justice,* 2 F.3d 208, 209 (7th Cir.1993). In order to be subject to forfeiture under the Act, the property must categorically fall into one of the eleven subsections of 21 U.S.C. § 881(a), which provides for the forfeiture of, among other things, controlled substances, the containers, equipment and raw materials used or intended for use in manufacturing any controlled substance, conveyances used or intended to be used for transporting controlled substances and illicitly obtained wealth. *See* 21 U.S.C. § 881(a).

Subsection (d) of 21 U.S.C. § 881, provides that the forfeiture of property seized in accordance with Section 881(a) is to be accomplished through the procedures set forth by the customs laws, which are set forth at 19 U.S.C. §§ 1602–1618. Pursuant to the customs laws as they were at the time of the seizure of the currency and items in this case, seized property valued at $100,000 or less were subject to administrative forfeiture to the United States by the seizing agency without judicial involvement. 19 U.S.C. § 1607(a). Where the value of seized property exceeded $100,000, judicial forfeiture is required. 19 U.S.C. §§ 1607(a)(4), 1610; 21 C.F.R. §§ 1316.75, 1316.78. 19 U.S.C. § 1607 was amended in 1990 to increase the dollar amount or value from $100,000.00 to $500,000.00.

*Judicial forfeiture*

■ To the extent that this petition seeks a return of property that was forfeited pursuant to prior judicial proceedings, it is not properly before this Court. It is noted that no appeal was taken in those actions to the United States Court of Appeals. Therefore, the petitioner's application with regard to $926,355.00, more or less, that was the subject of CV 89–3638 (TCP) and the premises located at 82 South 4th St., Brooklyn, NY, that was the subject of CV 89–2953 (TCP), are not properly before this Court and will not be addressed. In addition, the Court assumes that the reference to $1,000,000 cur-

rency on the petitioner's exhibits "1" and "3" is a reference to the $926,355.00, more or less, that was the subject of CV 89–3638 (TCP).

*Administrative forfeiture*

The value of the other various assets listed by Concepcion permitted the DEA to utilize administrative forfeiture proceedings without judicial intervention as they are each valued at less than $100,000. In order to initiate administrative forfeiture proceedings, the DEA "must publish notice of the seizure and of its intent to forfeit the property once a week for at least three successive weeks in a newspaper of general circulation in the judicial district in which the forfeiture proceeding is brought." *Linarez, supra,* 2 F.3d at 210; 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75 (1992). In addition, the administration agency must give personal written notice of the seizure and information on the applicable procedures to contest the forfeiture, to any party who appears to have an interest in the seized property. 19 U.S.C. § 1607(a).

The procedures for contesting an administrative forfeiture are set forth in the custom laws. To assert a claim and interest in seized property, a person "may at any time within twenty days from the date of the first publication of the notice of seizure file with the appropriate customs official a claim stating his interest therein" along with a cost bond of $5000, or ten percent of the value of the property, whichever is less, but not less than $250.00. 19 U.S.C. § 1608. The proper and timely filing of a claim and cost bond has the legal effect of halting the administrative proceeding and requiring the DEA to refer the matter to the United States Attorney for the institution of judicial forfeiture proceedings. 19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. § 1316.76(b) (1992). However, the failure of the interested party to file the proper and timely claim and cost bond results in a declaration of forfeiture by the seizing agency, in this case the DEA, and the vesting of title in the United States, free and clear of any liens and encumbrance. 19 U.S.C. § 1609(b); 21 C.F.R. § 1316.77. If a claimant can show that he is indigent, he may be able to pro-

ceed in forma pauperis and may be relieved of the requirement of posting a bond. *See, e.g., Application of Williams,* 628 F.Supp. 171, 173 (E.D.N.Y.1986); *see also* Drug Enforcement Agency Notices of Forfeiture annexed to the Declaration of William J. Snider (advising that "if you are indigent (needy and poor) you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called a "Declaration in Support of Request to Proceed *In Forma Pauperis* " along with a claim of ownership of the property.")

Alternatively, the claimant may petition the administrative agency, the DEA in this case, for remission and/or mitigation within thirty days after his receipt of the Notice of Seizure. 28 C.F.R. §§ 9.1–9.7. In order "[t]o determine mitigation or remission, the *res* is deemed technically forfeited and the DEA is given broad discretion to lessen the effects of the forfeiture." *United States Drug Enforcement Agency v. One 1987 Jeep,* 972 F.2d 472, 479 (2d Cir.1992). In addition, under specific circumstances, a claimant may file a petition for expedited administrative review when the property has been seized for a violation involving personal use quantities of a controlled substance. 21 C.F.R. §§ 1316.90—1316.99.

However, the "remission of forfeiture is neither a right nor a privilege, but an act of grace." *In re $67,470.00,* 901 F.2d 1540, 1543 (11th Cir.1990) (citing *United States v. One 1961 Cadillac,* 337 F.2d 730, 733 (6th Cir.1964)); *ARCA Airlines v. United States Customs Service,* 726 F.Supp. 827, 830 (S.D.Fla.1989), *aff'd,* 945 F.2d 413 (11th Cir. 1991); *LaChance v. Drug Enforcement Administration,* 672 F.Supp. 76, 79 (E.D.N.Y. 1987)). This proposition was stated by the district court in *LaChance v. Drug Enforcement Administration,* 672 F.Supp. 76 (E.D.N.Y.1987), which noted that "[r]emission of a forfeiture is a matter of grace and discretion delegated solely to the exclusive authority of the administrative agency." *LaChance, supra,* 672 F.Supp. at 79. " 'The question of our authority to review the Attorney General's denial of the request for remission of the forfeiture is controlled by the long-standing, judge-made rule that the At-

torney General has unreviewable discretion over petitions under 19 U.S.C.A. 1618.' " *Id.* (quoting *United States v. One 1970 Buick Riviera,* 463 F.2d 1168, 1170 (5th Cir.), cert. denied, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972)). Therefore, "[i]t appears that Congress intended the petition for remission filed with the Administration under 19 U.S.C. § 1618 to be the only available mechanism for leniency to mitigate the harshness of the forfeiture statute." *LaChance, supra,* 672 F.Supp. at 79 (citing *United States v. One 1976 Porsche 911S,* 670 F.2d 810, 813 (9th Cir.1979) and *United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 12 (1st Cir.1977)). The *LaChance* court stated,

> This Court has previously noted that, "The purpose of the remission statute was to grant executive power to relieve against the harshness of forfeitures. The exercise of the power, however, was committed to the discretion of the executive so that he could temper justice with mercy or leniency. Remitting the forfeiture, however, constituted an act of grace. The courts have not been granted jurisdiction to control the action of the executive even where it is alleged ... that discretion has been abused."

*LaChance, supra,* 672 F.Supp. at 79 (quoting *Jary Leasing Corp. v. United States,* 254 F.Supp. 157, 159 (E.D.N.Y.1966), which in turn quoted *United States v. One 1961 Cadillac,* 337 F.2d 730, 733 (6th Cir.1964)).

■ In this regard, the Second Circuit has stated:

> Under all of the above scenarios, the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding. *See In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988). Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion. *United States v. Price,* 914 F.2d 1507 (D.C.Cir.1990)....

> . . . .

> ... Nevertheless, an exception exists which allows an appellate court jurisdiction

to review a decision of an administrative agency which amounts to a refusal to exercise its discretion. *Scarabin v. Drug Enforcement Admin.,* 919 F.2d 337 (5th Cir. 1990); *See In Re Matter of $67,470.00,* 901 F.2d 1540 at 1544 (11th Cir.1990) (a federal court may have jurisdiction to review agency determinations when the agency does not even consider a request that it exercise its discretion); *One 1977 Volvo 242 DL v. United States,* 650 F.2d 660 (5th Cir.1981) (recognizing exception where discretion not exercised); *Clow v. Nelson,* 579 F.Supp. 981, 983 (W.D.N.Y.1984) (same); *see* 21 U.S.C. § 877. Such review, however, "is limited to determining whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *Scarabin,* 919 F.2d at 338.

*One 1987 Jeep, supra,* 972 F.2d at 479–80; *see also Toure v. United States,* 24 F.3d 444, 445–46 (2d Cir.1994); *Onwubiko v. United States,* 969 F.2d 1392, 1398 (2d Cir.1992). In sum, "if an administrative forfeiture is procedurally deficient, the court has jurisdiction to correct the deficiency." *Id.*

■ Concepcion argues that he is entitled to reclaim the seized and forfeited property "in light of recent development in courts concerning to [sic] the forfeiture of property and criminal prosecution, *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *United States v. Morgan,* 51 F.3d 1105 (2d Cir.1995)...." Read liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), Concepcion's *pro se* letter seeks review of the merits of the forfeitures under the double jeopardy clause of the fifth amendment, and/or a claim under the excessive fines clause of the eighth amendment. However, as clearly stated in the authority discussed above, the parameters of the Court's review on a motion such as this are narrow, strictly drawn and limited to assessing whether the government adhered to proper procedures and did not abuse its discretion in denying a request for remission or mitigation.

While recognizing that it has no jurisdiction to review the merits of the administrative forfeitures at issue in this action, *see e.g., One Jeep Wrangler, supra,* 972 F.2d at 480, the Court notes the following with regard to the issue of a double jeopardy argument as applied to an administrative forfeiture:

In effect, administrative forfeiture is appropriate only in cases where the seized property goes unclaimed. Indeed, "administrative forfeiture is, in reality, a *non-proceeding*—it is merely the consequence of no one having come forward to claim the property seized or contest its forfeitability." *Baird,* 63 F.3d at 1217; see United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995) ("[A]n administrative forfeiture of unclaimed property simply constitutes the taking of abandoned property.")

. . . .

It is the unanimous view of the circuits that have considered the question that an administrative forfeiture resulting from a defendant's failure to claim property cannot implicate double jeopardy. These courts reasons that a defendant who fails to contest the forfeiture is never a party to the forfeiture proceeding (which is technically brought against the property itself, rather than its owner), and as a non-party, the defendant cannot be punished and thus cannot be placed in jeopardy.

*U.S. v. Idowu,* 74 F.3d 387 (2d Cir.1996), *cert. denied,* — U.S. —, 116 S.Ct. 1888, 135 L.Ed.2d 182 (1996). The Court further notes the recent Supreme Court decision of *United States v. Ursery,* — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) in which the Court stated, "[w]e hold that these in rem civil forfeitures are neither "punishment" nor criminal for purposes of the double jeopardy clause."

As to excessive fines, following the Supreme Court's decision in *Austin v. U.S.,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Second Circuit established factors to be considered by a court in determining whether a proposed *in rem* forfeiture violates the excessive fines clause of the eighth amendment. *See U.S. v. Milbrand,* 58 F.3d 841, 847–48 (2d Cir.1995), *cert. denied,* —

U.S. —, 116 S.Ct. 1284, 134 L.Ed.2d 228 (1996). However, the present action is not a judicial forfeiture proceeding. The Court does not have jurisdiction to analyze the challenged forfeitures under the *Milbrand* factors.

Accordingly, to the extent that this petition seeks review of the "propriety of these forfeitures" under a double jeopardy and/or excessive fines analysis, that relief is denied. Nevertheless, the Court will review the procedure followed by the government.

*The statute of limitations*

The government claims that the Concepcion's petition is barred by the six year statute of limitations set forth in 28 U.S.C. § 2401(a). This section provides in relevant part that "[e]xcept as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). The Court agrees with the government that a claim such as the one asserted here first accrues at the time that the plaintiff has reason to know of the injury. Most of the seizures challenged in this petition occurred at the time of the petitioner's arrest on March 15, 1989, which is more than six years prior to his July 15, 1995 letter seeking the return of the seized items. Notices were mailed by the government in the months of May, June, July, August and October of 1989. Some of those dates are more than six years prior to the date of the present petition and some are within the limitations period. For purposes of this motion, the Court will treat the petition as though it was timely filed as to all of the challenged administrative forfeitures and will review the propriety of the procedure followed by the government, which is the same procedure with respect to each of the administrative forfeitures at issue.

*The procedure followed by the government*

The government annexes to its papers the declaration of DEA Forfeiture Counsel William J. Snider. Exhibits to Snider's declaration are photocopies of forfeiture notices, certified mail receipts, publication notices, and declarations of forfeiture relating to each of

the items listed by Concepcion in this petition, with the exception of the 1988 Cadillac that is discussed below. The following summarizes the information set forth in the government's exhibits:

1. Beaver Coat and Hat. DEA # 55238. Seizure date 3/15/89. Notice sent 5/10/89. Certified mail receipt signed 5/19/89. Three successive weeks of publication in *USA Today* began on 5/24/89. Declaration of Forfeiture 7/6/89. *See* Government's exhibits 1–6.

2. $8,080.00. DEA # 55240. Seizure date 3/15/89. Notice sent 5/2/89. Certified mail receipts signed on 5/2/89 and also on another date which is illegible on the mail receipt. Three successive weeks of publication in *USA Today* began on 5/24/89. Declaration of Forfeiture 7/6/89. *See* Government's exhibits 7–13.

3. $10,716.00. DEA # 55241. Seizure date 3/16/89. Notice sent 5/1/89. Certified mail receipt signed on 5/19/89. Three successive weeks of publication in *USA Today* began on 5/17/89. Declaration of Forfeiture 5/17/89. *See* Government's exhibits 14–19.

4. Assorted Jewelry. DEA # 55296. Seized 3/16/89. Notice sent 6/29/89. Certified mail receipt signed on 7/3/89. Three successive weeks of publication in *USA Today* began on 6/14/89. Declaration of Forfeiture 8/7/89. *See* Government's exhibits 20–24.

5. Mink Jacket. DEA # 55302. Seizure date 3/16/89. Notice sent 6/21/89 and 7/3/89. Certified mail receipts signed on 7/11/89 and 7/17/89. Three successive weeks of publication in *USA Today* began on 6/21/89. Declaration of Forfeiture 8/22/89. *See* Government's exhibits 25–30.

6. 1968 Chevrolet Camaro Z–28, VIN 124378N441214. DEA # 56211. Seizure date 3/15/89. Notice sent 7/3/89. Certified mail receipt signed on 7/17/89. Additional notice sent Frank B. Gromus, 228 W. Clearwater Rd. Lindenhurst, NY 11757 on 7/3/89 was returned unclaimed. Three successive weeks of publication in *USA Today* began on 6/21/89. Declaration of Forfeiture 9/18/89. *See* Government's exhibits 31–37.

7. 1986 Harley Davidson Heritage Motorcycle, VIN 1HD1BJU4GY018231. DEA # 56228. Seizure date 3/15/89. Notice sent 7/3/89. Certified mail receipts signed on 7/10/89 and 7/17/89. Additional notice sent to Manny Soto, 80 South 4th St., Brooklyn, NY 11211 on 7/3/89 was returned unclaimed. Three successive weeks of publication in *USA Today* began on 6/21/89. Declaration of Forfeiture 9/18/89. *See* Government's exhibits 38–44.

8. 1988 Harley Davidson Motorcycle, VIN 1HD1BJL1XJY012750. DEA # 56233. Date of seizure 3/15/89. Notice sent 5/17/89. Certified mail receipts signed on 5/23/89 and 5/26/89. Additional notice sent to Ralph Carreas, 80 South 4th St. Brooklyn, NY 11211 was returned unclaimed. Three successive weeks of publication in *USA Today* began on 5/31/89. Declaration of Forfeiture 6/26/89. *See* Government's exhibits 45–52.

9. 1987 Honda Hurricane Motorcycle, VIN SC2106HAOD3765. DEA # 56240. Seizure date 3/15/89. Notice sent 7/11/89. Certified mail receipt signed on 7/17/89. Additional notice sent to Manny Soto, 80 South 4th St., Brooklyn, NY 11211 was returned unclaimed. Three successive weeks of publication in *USA Today* began on 6/21/89. Declaration of Forfeiture 9/18/89. *See* Government's exhibits 53–59.

10. 1966 Chevrolet Sedan, VIN 16B8376T253706. DEA # 56269. Seizure date 3/15/89. Notice sent 7/3/89. Certified mail receipts signed on 7/10/89 and 7/11/89. Additional notice sent to Ralph F. Carreras, 80 South 4th St., Brooklyn, NY 11211 was returned unclaimed. Three successive weeks of publication in *USA Today* began on 6/21/89. Declaration of Forfeiture 9/18/89. *See* Government's exhibits 60–66.

11. 1955 Chevrolet Impala SS, VIN VC55N075617. DEA # 56272. Date of seizure 3/15/89. Notice sent 7/3/89. Certified mail receipts signed on 7/10/89. Additional notice sent to Jose Gonzalez a/k/a Manny Concepcion, 79 South 2nd St. Brooklyn, NY 11211, for which certified mail receipt was signed on 7/10/89. Three successive weeks of publication in *USA*

*Today* began on 6/21/89. Declaration of Forfeiture 9/18/89. *See* Government's exhibits 67–73.

12. 1933 Ford Roadster, VIN 25367. DEA # 56278. Date of seizure 3/15/898. Notice sent 6/20/89. Certified mail receipts signed on 6/23/89 and 6/29/89. Additional notice sent to Jose Gonzalez a/k/a Manny Concepcion, 79 South 2nd St. Brooklyn, NY 11211, for which certified mail receipt was signed on 6/23/89. Three successive weeks of publication in *USA Today* began on 6/14/89. Declaration of Forfeiture 9/18/89. *See* Government's exhibits 74–81.

13. 1984 Ford Bronco Jeep, VIN 1FMEU15H8ELA74914. DEA # 56780. Date of seizure 3/15/89. Notice sent 7/3/89. Certified mail receipts signed on 7/10/89 and also on date which is illegible on the mail receipt. Three successive weeks of publication in *USA Today* on 6/21/89.

Additional notice sent to Fermin Pomales, 378 Wyth Ave., Brooklyn, NY 11211, for which certified mail receipt was signed and noted with an illegible date. Petition for remission/mitigation received by government on 8/11/89 from Pomales. Declaration of Forfeiture 1/9/90. Notice of denial of remission/mitigation and reasons supporting denial sent to Pomales sent 1/10/90. Certified mail receipt signed 1/16/90. *See* Government's exhibits 82–92.

14. 1984 Honda Sabre, VIN JH2R022Q8EMOD3033. DEA # 59964. Date of seizure 3/15/89. Notice sent 7/7/89 and 11/7/89. Certified mail receipt signed on 7/17/89. Three successive weeks of publication in *USA Today* began on 11/15/89. Declaration of Forfeiture 12/22/89. *See* Government's exhibits 93–97.

15. Assorted Jewelry. DEA # 60521. Seized on 3/16/89. Notice sent 7/20/89. Certified mail receipt signed on 7/28/89. Additional notice sent on 7/20/89 to Manny Concepcion, 79 South 2nd St., Brooklyn, NY 11211 was returned unclaimed. Three successive weeks of publication in *USA Today* began on 7/26/89. Declaration of Forfeiture 10/27/89. *See* Government's exhibits 98–103.

16. 1984 Honda Motorcycle, VIN 1HD1CAH3XEY112151. DEA # 60798. Seized on 3/15/89. Notice sent 8/15/89 and 10/18/89. Certified mail on 10/27/89. Additional notice sent to Pedro Pomales, 378 Wythe Ave., Brooklyn, NY 11211. Three successive weeks of publication in *USA Today* began on 8/2/89. Declaration of Forfeiture 11/15/89. *See* Government's exhibits 104–109.

17. $2,476.00. DEA # 61783. Date of seizure 7/20/89. Notice sent 8/15/898. Certified mail receipts signed on 8/22/89 and 9/1/89. Three successive weeks of publication in *USA Today* began on 8/9/89. Additional notice sent to Iyette Cardona Concepcion, 1810 Bruckner Blvd. Bronx, NY 10473, for which a certified mail receipt was signed on 8/30/89. Declaration of Forfeiture 11/15/89. See Government's exhibits 110–117.

■ Concepcion contends that the seizures were improper because the notices given by the government was inadequate. The notices of seizure, which describe in detail the procedures to follow to contest forfeiture, were addressed to Concepcion at 79 S.2nd Ave., Brooklyn, NY 11211 and also sent to Concepcion at the site of his incarceration, the Metropolitan Correctional Center, 150 Park Row, New York, NY 10007. Concepcion does not assert that these addresses are incorrect. In some cases notice was mailed to third parties as well. In addition, publication notices regarding each of the seized items appeared in the newspaper USA TODAY for three consecutive weeks. Concepcion notes that the certified mail postal receipt cards bear the signatures of (1) agents of the Bureau of Prisons for those notices that were sent to the Metropolitan Correctional Center and (2) individuals other than himself for those notices that were sent to 79 S. 2nd Ave., Brooklyn, NY 11211. However, due process has been found to have been satisfied where the agency mailed notice to a claimant's prison address, even when, due to prison transfer, the notice was actually received after the forfeiture took place. *Balogoun v. United*

*States,* 1992 WL 394186 (E.D.N.Y.1992), *aff'd,* 14 F.3d 590 (2d Cir.1993).

■ "It is well established that the constitutional notice requirements set forth in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), apply to notice in forfeiture proceedings." *Pou v. U.S. Drug Enforcement Administration,* 923 F.Supp. 573, 578 (S.D.N.Y. 1996). "This standard does not require that the claimant receive actual notice of a forfeiture proceeding, but rather, that the government act reasonably in selecting and employing a means likely to inform the claimant of the proceeding." *Hong v. United States,* 920 F.Supp. 311, 315 (E.D.N.Y.1996) (citing *Weigner v. New York, supra,* 852 F.2d at 649–50.

Upon review of the government's exhibits 1–117, the Court notes that notices of forfeiture were mailed by certified mail for each of the seized and forfeited items and that signed postal receipt cards were returned to the government. This is more than due process requires. As the Second Circuit has observed:

> The Supreme Court has frequently said and just recently restated that, under most circumstances, notice sent by ordinary mail is deemed reasonably calculated to inform interested parties that their property rights are in jeopardy. *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 481, 108 S.Ct. 1340, 1343 99 L.Ed.2d 565 (1988); *Mennonite Board of Missions v. Adams, supra,* 462 U.S. at 800, 103 S.Ct. at 2712; *Mullane, supra,* 339 U.S. at 319, 70 S.Ct. at 659.

*Weigner v. City of New York,* 852 F.2d 646, 650 (2d Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). In addition the government placed three consecutive weeks of publication notice in USA TODAY, which is a newspaper of general circulation in this judicial district. The Court finds that the government adequately met notice requirements set forth in *Mullane. See Omoregie v. United States,* No. 94–CV–2098(JG), 1995 WL 761848, at *3 (E.D.N.Y. Dec. 20, 1995) ("[t]he government is not required to insure that mail received and signed for has actually reached the po-

tential claimant in a forfeiture proceeding if it has acted in good faith and has made reasonable efforts to send notices to the correct address of the claimant") (quoted in *Hong, supra,* 920 F.Supp. at 315).

In the Court's view, the petition in this action does not fall within the narrow, limited exception to the general rule of judicial non-review of administrative forfeitures. In addition, the Court is without jurisdiction to resolve .challenges to the merits of completed forfeitures. The Court does not perceive any deficiencies in the forfeiture procedures followed by the government and finds that the government did adhere to the statutory and constitutional requirements for administrative forfeiture. Under these circumstances,

> [t]he law is clear that where the Drug Enforcement Administration has complied with all requisite procedures for an administrative forfeiture, a district court judge "lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun."

*Ogidi v. United States,* 857 F.Supp. 4, 6 (E.D.N.Y.1994) (quoting *One Jeep Wrangler, supra,* 972 F.2d at 480). The petitioner's opportunity for judicial review was lost when neither he nor anyone acting on his behalf filed a timely claim of ownership with the DEA to contest the forfeiture of the seized property in a judicial setting.

In sum, the property was forfeited in accordance with prescribed administrative procedure. In addition, the notice given by the government is constitutionally and statutorily sufficient.

*Claim regarding a 1988 Cadillac*

Annexed to Concepcion's letter application dated July 15, 1995 is a photocopied page numbered "7" that bears a partial paragraph of text at the top of the page, which ends with the following sentence: "The following list reflects the amounts of cash and jewelry seized by the Government." The page sets forth two categories in numbered paragraphs "28" and "29," entitled "U.S. CURRENCY AND JEWELRY SEIZED" and "VEHICLES SEIZED" respectively. The vehicle portion, ¶ 29, sets forth a date of seizure, make and model as well as the owner of

eighteen vehicles. Among those listed is a 1988 blue Cadillac 2 door seized on 3/14/89 and owned by "Concepcion."

This page is not identified and the Court does not know who prepared it. The government did not submit information regarding the seizure and forfeiture of a 1988 Cadillac in their papers in opposition to Concepcion's petition. Concepcion did not submit any information regarding his ownership or the alleged seizure and forfeiture of this vehicle. He merely notes that the government did not address the issue of the 1988 Cadillac and states in his reply papers that information regarding seizure notices, the DEA file seizure number and the date of forfeiture are "unknown."

Accordingly, the Court will dismiss this action without prejudice to the petitioner reopening the case by submitting information regarding his ownership of the 1988 Cadillac and its seizure and/or forfeiture. Any challenge to an administrative forfeiture of the vehicle will be reviewed in accordance with the standard discussed in this opinion, namely whether the government followed proper statutory procedure and gave notice that comports with due process requirements.

*Discovery motion*

The requests for discovery of government documents submitted by the petitioner are denied.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that the petitioner's motion for return of property seized by the Drug Enforcement Agency is denied.

The Clerk of the Court is advised that this Order closes the case.

**SO ORDERED.**