Jeffrey M. SCARABIN, Petitioner,

v.

DRUG ENFORCEMENT
ADMINISTRATION,
Respondent.

No. 90–4672.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1990.

Victor L. Roy, III, Baton Rouge, La., for petitioner.

Constantine D. Georges, Asst. U.S. Atty., New Orleans, DEA, Office of Chief Counsel, Asset Forfeiture Sec., Arlington, Va., for respondent.

Before GEE, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

FACTS

Petitioner, Jeffrey Scarabin (Scarabin), operates a fuel dock and marine supply business at the Port Eads Marina in Plaquemines Parish, Louisiana. Port Eads is located about twenty nautical miles from the nearest road and is accessible only by aircraft and boat. At about 3 o'clock a.m. on June 1, 1990, personnel of the Plaquemines Sheriff's Department and the Drug Enforcement Administration (DEA) raided the Marina and found two marijuana cigarette butts on the premises, but not in the vicinity of Scarabin. Scarabin was arrested and charged with possession of marijuana, but the charges were later dismissed for lack of evidence.

At the time of Scarabin's arrest, the Sheriff seized $12,360.00 in cash from Scarabin and turned it over to the DEA for forfeiture as proceeds from drug deals. On July 2, pursuant to 19 U.S.C. § 1607, the DEA sent a Notice of Seizure to Scarabin outlining alternative procedures available for contesting the forfeiture. Additionally, the notice was published on July 11 in USA Today. *See* 19 U.S.C. § 1607.

On July 25 Scarabin filed a motion with the DEA for expedited release of the property. Albeit on a technicality, that motion was correctly denied by the DEA because expedited release is appropriate only for funds seized for possession of personal use quantities of drugs, and Scarabin's money was seized as purported proceeds of drug sales. Having had no other petitions or actions filed by Scarabin in the matter, the DEA administratively forfeited the funds to the United States pursuant to 21 U.S.C. § 881 and 19 U.S.C. §§ 1607 & 1608. On November 5, Scarabin filed this action in this court as a petition for review of a final agency decision pursuant to 21 U.S.C. § 877 and Federal Rules of Appellate Procedure 15(a).

ANALYSIS

■ Despite the DEA's protestations to the contrary, this court does have jurisdiction over this petition for review of the DEA's administrative forfeiture of Scarabin's property under 21 U.S.C. § 877, as a review of a final decision by the Attorney General through an authorized agency. Our review, however, is limited to determining whether the agency followed the proper procedural safeguards when it declared Scarabin's property summarily forfeited. *See, e.g., Floyd v. United States,* 860 F.2d 999 (10th Cir.1988) (court did not abuse discretion to retain jurisdiction over motion to return unlawfully seized property even after the agency initiated administrative forfeiture where forfeiture was not begun until more than two months after petition was filed); *Robinson v. United States,* 734 F.2d 735 (11th Cir.1984) (court had power to retain jurisdiction and enter default judgment in suit to return property seized by customs official when agency failed to file for forfeiture until ten months after seizure of property and never answered the complaint). Judicial review on the merits of an administrative forfeiture is barred, however, when the party elects an administrative remedy instead of a judicial one. *See, e.g., United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1170 (5th Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972) (Attorney General has unreviewable discretion over remission or mitigation of forfeitures); *United States v. One 1961 Cadillac,* 337 F.2d 730, 733 (6th Cir.1964) (remitting a forfeiture is an act of grace by executive, and courts have not been granted jurisdiction to control such action even when there is an abuse of discretion). One limited exception is when the agency fails to exercise its jurisdiction over the claim; however, the court still may not review the administrative decision on the merits. *One 1977 Volvo 242 DL v. United States,* 650 F.2d 660, 662 (5th Cir.1981); *United States v. One 1970 Buick,* 463 F.2d at 1170.

■ In most reported cases concerning administrative forfeitures of seized property by an agency, the petitioners elected the administrative remedy and were aggrieved by the agency's refusal to remit

or mitigate forfeitures. In such instances where this court may not review the merits of a petitioner's claim because such remissions are acts of grace by the agency. In the instant case, however, the DEA did not substantively review Scarabin's case, even though it had ample opportunity to do so. Rather, the DEA summarily dismissed Scarabin's petition for remission because it was not in the proper form.

Admittedly, the petition Scarabin submitted to the DEA was technically incorrect under the circumstances of his case. The petition as filed, however, contained essentially all of the information required for a petition for mitigation or remission. *See* 28 C.F.R. §§ 9.1–9.7. Therefore, the DEA had before it the facts necessary for a review of the substance of Scarabin's claim for remission even though the title of the petition was "petition for expedited remission."

It is clear from the DEA's rejection letter of August 10, that it disregarded the legitimacy of Scarabin's claim solely because the petition was improperly submitted. Clearly, the merits of Scarabin's claim were never reviewed by the agency. For this reason, we find that this case falls within the narrow exception to the "non-reviewability" of administrative forfeiture actions because the DEA failed to exercise its power to review substantively Scarabin's claim when given the clear opportunity to do so, despite the improper form of the petition.

The facts of this case illustrate the ordinary citizen's worst nightmare and his attorney's worst fears of the morass of unreviewable, short-fused administrative regulatory practice. It is the perfect case for big government to be big hearted and big enough to return ill-gotten gains to the rightful owner rather than unjustly enrich itself on the basis of a technical "gotcha." Although this court cannot review the merits of the Secretary's exercise of discretion, we would look with favor on the return of the petitioner's funds in instances such as this when justice virtually cries out for such a result.

IT IS ORDERED that the motion of petitioner for release of property is DENIED, and this case REMANDED to the DEA for consideration of the substance of Scarabin's claim for remission.