**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-10809**
**Summary Calendar**
_____


**ODELL HARMON, and on Behalf of the Estate of George Harmon,**

**Plaintiff-Appellant,**

**versus**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-1978-P)
_____

August 29, 1996


Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Odell Harmon, # 22488-077 appeals the district court's summary judgment in his action contesting the judicial forfeiture of a house in Dallas that was used to facilitate his participation in a major cocaine distribution ring. Harmon is currently serving a 300-month term of imprisonment after pleading

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

guilty to criminal charges that spawned the forfeiture proceeding. Although this court is constrained to reverse and remand for further proceedings, we caution that Harmon's credibility hangs by a slender thread, and sanctions should be forthcoming if it appears that he has sworn falsely that he had no knowledge of the judicial forfeiture.

In December, 1991 the federal government filed a civil forfeiture proceeding covering several tracts of land and various personal property in Dallas owned by Harmon, his deceased brother and others. According to the summary judgment record, the civil forfeiture summons was served on Harmon when he was in the custody of the U.S. Marshal's service in Dallas at 11:00 a.m. on January 3, 1992. Because neither Harmon nor a man named and served as his attorney (Montserrat) ever responded to the complaint, a default judgment was entered in April, 1992.

Harmon commenced this action in mid-1994, alleging that he was denied due process because he was never served with summons or notified of the civil forfeiture proceeding. He also asserts that the real property forfeiture is invalid because he received no pre-seizure notice as later required by the Supreme Court in United States v. James Daniel Good Real Property, 114 S.Ct. 492 (1993).

After clearing away a few procedural issues, we will analyze the district court's actions on summary judgment. First, Harmon may qualify for IFP status in this court because his case was pending long before the new amendments to 28 U.S.C. § 1915.

2

Second, the district court had jurisdiction over Harmon's case pursuant to 28 U.S.C. § 1331, as that seems to be the basis on which several courts, including this one, have determined the procedural viability of forfeiture proceedings. See, e.g., Scarabin v. Drug Enforcement Administration, 919 F.2d 337, 338 (5th Cir. 1990); United States v. Giraldo,45 F.3d 509, 511 (1st Cir. 1995); and United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993). That those cases involved administrative rather than judicial forfeitures is not a meaningful distinction.

The district court granted summary judgment because he concluded that Harmon's denial of receipt of summons and denial that Montserrat was his attorney were conclusional and insufficiently supported by evidence. The government, in contrast, furnished a copy of the summons return and proof that Harmon had, contrary to his denial, been in the custody of the U.S. Marshals in Dallas on January 3, 1992. We have only one quarrel with this description of the evidence: Harmon's denial of receipt of summons is provided under penalty of perjury and therefore suffices as an affidavit for summary judgment purposes. Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988).

Although the likelihood that Harmon will prevail in pitting his credibility against that of the U.S. Government on the issue of service may seem slim, it is not the purpose of summary judgment proceedings to make credibility determinations. The admissible evidence directly conflicted on whether Harmon was

3

served with process in the forfeiture case. We must therefore reverse and remand for further proceedings to take place on Harmon's claim that he was denied due process because he received no notice of the forfeiture case.

The district court properly dismissed Harmon's claim based on the requirement of pre-seizure notice for real property. The <u>Good</u> case was not decided until a year after Harmon's Dallas property had been forfeited, and <u>Good</u> is not retroactively applicable to cases that were finally decided before <u>Good</u> issued.

Harmon has moved for appointment of counsel and to supplement the record on appeal. These motions are DENIED; counsel is unnecessary and Harmon's proffered papers are inapposite to this case. The Government's motion to supplement the appellate record with copies of the forfeiture documents that underlie this case is GRANTED.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

4