Jack William HAWKINS, Plaintiff,

v.

HENDERSON COUNTY, et al., Defendants.

No. 6:97cv62.

United States District Court, E.D. Texas, Tyler Division.

Sept. 30, 1998.

Sten Marti Langsjoen, Tyler, TX, for Jack William Hawkins.

Charles Homer Clark, Clark Walker & Lea, Tyler, TX, for Henderson County.

Gregg Arthur Marchessault, AUSA, for U.S. Dept. of Justice, Drug Enforcement Agency, United States of America.

***ORDER ON SUMMARY JUDGMENT***

STEGER, District Judge.

On this day came on to be considered the federal defendants' *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Docket No. 28) and *Defendant, Henderson County, Texas' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Docket No. 36). After careful consideration, the Court is of the opinion that the following order should issue.

The plaintiff alleges that, in the case of *The State of Texas v. $19,867.00,* 173rd Judicial District Court, Henderson County, Texas, cause number 95A–658, funds improperly seized from his home were transferred to the DEA for forfeiture proceedings and "neither he nor his counsel was given notice of the proceeding." Contending that, of the $19,-867, $17,064 was not subject to seizure and forfeiture, he seeks return of the monies to the registry of the state court. The plaintiff petitioned for a bill of review in state district court but the federal defendants removed the action to federal district court.

**FACTS OF THE CASE**

On November 28, 1995, Investigator Joe Baxter of the Andersón County Drug Investigation Unit (DIU) applied for a controlled substance search warrant to search the residence of Plaintiff Jack William Hawkins at 9220 Grape Avenue, Lollypop Subdivision, Frankston, Henderson County, Texas. Judge Jack H. Holland, 173rd Judicial District Court of Henderson County, Texas, granted the application and issued a controlled substance search warrant.

Investigator Baxter and others executed the warrant on November 28, 1995, at the residence and seized $19,867.00 in U.S. currency, including two one hundred dollar ($100.00) bills that had been earlier paid to the plaintiff by a confidential informant to purchase cocaine.

On December 20, 1995, the Henderson County District Attorney filed *The State of Texas v. $19,867.00,* cause number 95A–658, in the 173rd Judicial District Court of Henderson County, Texas, seeking transfer of the funds held by the Anderson County DIU to the United States Department of Justice, Drug Enforcement Administration (DEA). On December 20, 1995, Judge Holland of the 173rd Judicial District signed an order directing the seized funds be transferred to the DEA for initiation of forfeiture proceedings.

On January 16, 1996, the DEA sent a written notice of seizure by certified mail, return receipt requested, to Jack William Hawkins, 9220 Grape Avenue, Lollypop Sub Div, Frankston, Texas 75763 and to Jack William Hawkins, 10–5 Lollypop Sub Div, Frankston, Texas 75763. On January 23, 1996, an individual signing as Mr. Hawkins accepted delivery of both written notices of seizure.

On January 16, 1996, the DEA sent a written notice of seizure by certified mail, return receipt requested, to Jack William Hawkins c/o Sten M. Langjoen [sic]/Esq., P.O. Box 166, Bullard, Texas 75757. An agent of Mr. Langsjoen signed, accepting delivery of the written notice of seizure.

On January 24, 31 and February 7, 1996, the DEA published notice of the seizure of the $19,867.00 in *USA Today,* a newspaper of general circulation in the Eastern District of Texas.

The mailed notices of seizure and the publications all stated that the last day to file a claim was February 13, 1996, and set forth the claimant's option to file a petition for remission or mitigation within thirty days of the receipt of notice.

The DEA received a claim of ownership and cost bond on February 15, 1996, which had been sent via Federal Express on February 14, 1996, on behalf of Jack William Hawkins from Sten M. Langsjoen.

On February 20, 1996, the DEA sent a letter to Jack William Hawkins c/o Sten Langsjoen, returning the claim of ownership with the cost bond because it had been received after the deadline to initiate judicial proceedings. The letter advised that the DEA would allow Mr. Hawkins an additional

twenty (20) days from receipt of the letter to submit a petition for remission for an administrative ruling. On March 1, 1996, an individual signing as the agent of the addressee accepted delivery of the returned claim.

On March 18, 1996, having received no timely claim and cost bond, the DEA administratively forfeited the $19,867.00 in U.S. currency to the United States.

On that same day, the DEA received a petition for remission and/or mitigation on behalf of Mr. Hawkins by Mr. Langsjoen. On September 16, 1996, Mr. Langsjoen submitted a supplemental petition for remission and/or mitigation. The DEA denied the petition on January 10, 1997, for failure to meet the requirements for remission or mitigation.

On December 18, 1996, Mr. Hawkins filed this petition for bill of review by and through Mr. Langsjoen, suing Henderson County [hereinafter, "state defendants"], Anderson County, Anderson County Drug Investigation Unit,[1] the United States Department of Justice, Drug Enforcement Agency, and the United States of America [hereinafter, "federal defendants"]. On January 22, 1997, the federal defendants removed the action to this court.

## STANDARD OF REVIEW

Both the federal and the state defendants have moved for dismissal, or, in the alternative, summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In deciding whether to grant a motion for summary judgment, the Court "review[s] the evidence and inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 189 (5th Cir.1991) (citing *Duvall v. The Ritz Carlton Hotel Co.*, 946 F.2d 418, 420 (5th Cir.1991), and quoting Fed.R.Civ.P. 56(c)). An issue is "genuine" only " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. "This requires that a plaintiff 'make a showing sufficient to establish the existence of an[y] element essential to that party's case, and on which that party will bear the burden at trial.' " *Nowlin v. R.T.C.*, 33 F.3d 498, 501 (5th Cir.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The Court finds that there is no genuine issue as to any material fact in this case and summary judgment is therefore proper.

The defendants also contend that this Court lacks jurisdiction over the subject matter of the plaintiff's claim. FED.R.CIV.P. 12(b)(1). This argument is clearly wrong, for the reasons detailed below. This Court may properly review the procedural aspects of the forfeiture proceeding to ensure compliance with due process requirements. The defendants further contend that the plaintiff's suit "fails to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). Setting out the standard of review, the Court recognizes that a 12(b)(6) motion to dismiss may be granted only if it appears beyond doubt from the face of the pleadings that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining whether the complaint states a claim upon which relief may be granted, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The motion is to be determined from the fact of the pleadings alone. *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489, 499–500 (5th Cir.1982), *cert denied*, 464 U.S. 932,

1. No return of service has been filed for named defendants, Anderson County and Anderson County Drug Investigation Unit.

104 S.Ct. 335, 78 L.Ed.2d 305 (1983). A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is not a preferred avenue of adjudication and is looked upon with disfavor. *Sheppard v. Texas Department of Transportation,* 158 F.R.D. 592 (E.D.Tex.1994) (Schell, J.).

## ANALYSIS

The Court will first examine the reasons for federal district court jurisdiction in this matter, as well as the scope of that jurisdiction. The Court will then address the plaintiff's claims against agencies of the United States government. Next, the Court will detail applicable federal and state forfeiture law. Finally, the Court will analyze the procedural aspects of the forfeiture at issue and discuss compliance with due process requirements.

### *(A) Basis for this Court's Jurisdiction*

The Court held in its order denying the *Plaintiff's Motion for Remand and For Attorneys Fees* and his *Supplemental Motion for Remand and for Attorneys Fees* that the instant cause of action is a separate civil action from the original cause, *The State of Texas v. $19,867.00,* in which the funds were transferred to the DEA for forfeiture. Although the two suits are obviously related, the instant action is also obviously separate, as it challenges the validity of the *ex parte* process. *See Barrow v. Hunton,* 99 U.S. 80, 25 L.Ed. 407 (1878) (a separate civil action predicated on new facts, although having relation to the validity of an actual judgment or decree, may be considered by a federal court).

The Court also held in its previous order that this cause was properly removed, as it could have been originally brought in federal court. 28 U.S.C. § 1441(a). Although the plaintiff contends that the federal defendants are merely "disinterested stakeholders" of the seized funds, the plaintiff's suit clearly challenges official acts of the DEA as an agency of the United States. Subject matter jurisdiction therefore exists pursuant to 28 U.S.C. § 1442(a), which provides federal jurisdiction for suits against an officer or agency of the United States for any act under color of such office.

### *(B) Limited Review of this Court in this Case*

The Court recognizes that, under the applicable forfeiture law, its jurisdiction is limited to review of the procedural safeguards of an administrative forfeiture to ensure that the plaintiff was accorded due process. *Scarabin v. Drug Enforcement Admin.,* 919 F.2d 337, 338 (5th Cir.1990). The Court is without jurisdiction to review the merits of a properly executed administrative forfeiture except for failure to comply with procedural requirements or to comport with due process. *United States v. Schinnell,* 80 F.3d 1064, 1069 (5th Cir. 1996).[2]

In *Schinnell,* similar to the instant case, the claimant contended that not all of the forfeited property was traceable to proceeds of the crime (fraud). *Id.* The Fifth Circuit held that this allegation did not constitute a procedural violation. *Id.* Schinnell failed to contest the forfeiture, much as Plaintiff Hawkins failed to timely contest forfeiture in the instant case. In *Schinnell* and the instant case, the forfeited property was deemed traceable to the proceeds of the crime.

### *(C) Federal Agencies May Not Be Sued Eo Nomine*

Having established the court's jurisdiction and its scope, the Court notes as a preliminary matter that the Department of Justice (DOJ) and the DEA cannot be sued *eo nomine. Castleberry v. Alcohol, Tobacco and Firearms Division of Treasury Dept. of U.S.,* 530 F.2d 672, 673 n. 3 (5th Cir.1976). Federal agencies may not be sued *eo nomine* except as authorized by Congress in "explicit language." *Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952). *See also City of Whittier v. United States Department of Justice,* 598 F.2d 561, 562 (9th Cir.1979); *Midwest Growers Coop. Corp. v. Kirkemo,* 533 F.2d 455, 465 (9th Cir.1976);

2. *See also U.S. v. Arreola-Ramos,* 60 F.3d 188 (5th Cir.1995); *United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995); *United States v. Woodall,* 12 F.3d 791, 793 (8th Cir.1993).

*Morgan v. Bureau of Alcohol, Tobacco and Firearms*, 389 F.Supp. 1099 (E.D.Tenn.1974). The plaintiff has not presented any alleged exception to this general rule that applies in the instant case. Therefore, the Court holds that this action must be dismissed as to the DOJ and the DEA.

### *(D) Law Governing Forfeiture*

The Court comes now to the heart of this case, which is federal and state forfeiture law. Under federal civil forfeiture statutes governing administrative forfeitures, a proceeding is in rem against property. *Scarabin*, 966 F.2d at 993. The federal agency undertaking administrative forfeiture proceedings must have physical control over property to be forfeit under federal civil forfeiture statutes governing administrative forfeitures. *Id.* A federal agency cannot obtain jurisdiction over the *res* and, thus, cannot find the *res* administratively forfeit, when the state court obtains jurisdiction first and never relinquishes that jurisdiction. *Id.*

The plaintiff alleges violations of TEX.CRIM. PROC.CODE ANN. § 59.01 *et. seq.* (Vernon Supp.1997), which includes provisions dealing with notice and hearing in a forfeiture case. However, the plaintiff incorrectly alleges a violation of these provisions at the time of the turnover order by the state court. The defendants correctly point out that the turnover order did not constitute forfeiture, as it did not divest the plaintiff of title. The turnover order properly relinquished all state court jurisdiction, as mandated by the Fifth Circuit in *Scarabin.* 966 F.2d at 995.

After seizure of property, the attorney representing the state must begin proceedings not later than the thirtieth day after seizure. TEX.CRIM.PROC.CODE ANN. § 59.04(a) (Vernon Supp.1997). A forfeiture proceeding begins "when the attorney representing the state files a notice of the seizure and intended forfeiture with the clerk of court in the county in which the seizure is made." It is uncontroverted that, in the instant case, the district attorney filed the ex parte turnover action less than thirty (30) days after the seizure. Similarly, the plaintiff has not shown a violation of TEX.CRIM. PROC.CODE ANN. § 59.03(c) (Vernon Supp. 1997), which requires that a peace officer who seizes property must provide the attorney representing the state with a sworn statement that contains a schedule of the property seized, an acknowledgment that the officer has seized the property, and a list of the officer's reasons for the seizure. This provision was also complied with by the state law enforcement agencies.

Having reviewed the actions of the state court, the Court must now examine the propriety of the actions of the federal agencies. As stated by the defendants, it is well established that a federal agency may adopt the seizure of property by another agency as related to illegal drug use trafficking. *See United States v. One Ford Coupe Auto.*, 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279 (1926) (the United States may adopt seizure of property forfeitable under federal law if seized by local official); *Scarabin*, 966 F.2d at 993 (DEA may commence forfeiture proceedings against funds seized by state officials upon turn over order from state court); 21 C.F.R. § 1316.91(*l*)(iii). A federal agency's adoption of a seizure has the same effect as if the federal agency had originally seized the property on the date it was seized by local authorities. *The Caledonian*, 17 U.S. (4 Wheat.) 100, 103, 4 L.Ed. 523 (1819); *United States v. One Ford Coupe Auto.*, 272 U.S. at 321, 47 S.Ct. 154.

The Court finds that the DEA followed statutory and regulatory requirements for forfeiture. Pursuant to 21 U.S.C. § 881(a)(6), the instant funds were subject to forfeiture to the United States government as "moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance ... [and] all proceeds traceable to such an exchange." Property valued less than $500,000 [3] may be administratively forfeited. 21 C.F.R. § 1316.77. Advertisement once a week for at least three successive weeks is required before forfeiture. 21 C.F.R. § 1316.75(a). In the instant case, the DEA administratively forfeited the funds seized from the plaintiff after notice and advertisement. The plaintiff, despite

3. 21 C.F.R. § 1316.75, *incorporating by reference* 19 U.S.C. § 1607(a)(1).

having received constructive and actual notice of the proceedings, failed to file a timely claim and cost bond as required by 21 C.F.R. § 1316.75(b)(3), 1316.76.[4]

### *(E) Preseizure Notice Requirements*

The Court further holds that, procedurally, the transfer of the property from the state to the DEA was proper. The plaintiff asserts that the state court acquired jurisdiction over the subject property and never properly relinquished it. However, no preseizure notice or hearing is required before a federal agency may seize personal property subject to forfeiture for violation of federal drug laws. *United States v. $8,850 in United States Currency,* 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); *Madewell v. Downs,* 68 F.3d 1030, 1039 (8th Cir.1995); *One 1977 Mercedes Benz,* 708 F.2d at 450 n. 5. As previously stated, it is as if the federal officials had originally seized the property on the date it was seized by local officials. The mere transfer of jurisdiction as accomplished by the turnover order therefore has no effect on the actual ownership of the property and is therefore not a Fifth Amendment taking, as the plaintiff impliedly alleges, requiring preseizure notice.

### *(F) Due Process Considerations*

Having concluded that the transfer of the funds from the state court to the DEA was procedurally correct, the only issue remaining before the Court is whether or not the plaintiff received sufficient notice of the forfeiture to constitute due process.

### *(F)(1) The Fifth Circuit and Scarabin*

The *Scarabin* case is recognized as the Fifth Circuit's definitive interpretation of forfeiture jurisprudence. In *Scarabin,* a Louisiana district court issued a search warrant authorizing a search of a marina operated by Scarabin. *Scarabin,* 966 F.2d at 991. The law enforcement officers found negligible evidence of drugs and $12,360 in cash belonging in Scarabin. *Id.* A return on the search warrant listing the cash was filed with the clerk of the issuing court. *Id.* Under Louisiana law, property seized pursuant to a state warrant is retained under the issuing judge's control and direction until that judge disposes of it in accordance with state law. *Id.*

Three days after the search and seizure, without the knowledge or authority of the state court, the Sheriff's Office bought a cashier's check using Scarabin's $12,360. *Id.* The check was handed to the DEA for civil forfeiture under federal law. *Id.*

On July 2, 1990, the DEA sent Scarabin a Notice of Seizure outlining alternative procedures for contesting the civil forfeiture. *Id.* On July 11, 1990, notice of forfeiture was published in USA Today. *Id.* On July 25, 1990, Scarabin filed a motion with the DEA for expedited release of his $12,360. *Id.* The DEA denied this motion. Taking the position that Scarabin had not challenged the forfeiture with the technically appropriate motion, the DEA proceeded to administratively forfeit the money on August 16, 1990. Purportedly, the "forfeiture" of the cashier's check was forfeiture of the funds actually seized from Scarabin. *Id.*

On November 16, 1990, the DEA gave the Sheriff's Office $11,124 (or 90 percent of $12,360) under a federal statute that allows the DEA to return forfeited property to state or local law enforcement agencies that have participated directly in the seizure or forfeiture of that property. *Id.*

As the DEA never had control over the *res* —because it had neither actual physical possession of the *res* nor exclusive legal control over the *res* as required for *in rem* jurisdiction—the DEA had no authority to find Scarabin's funds forfeit. Therefore, as no forfeiture occurred, the Court found that there was no DEA forfeiture decision to review. Holding that there was no basis for the Court's jurisdiction under the facts of the case, the *Scarabin* court dismissed the appeal. *Id.* at 993.

The Court held that, under the federal civil forfeiture statutes governing administrative forfeitures similar to the one presented, the proceeding is *in rem* against the property. *Id.* Therefore, the federal agency undertaking the administrative forfeiture proceeding

4. *See* 19 U.S.C. § 1608.

must have physical control over the property to be forfeit. *Id.* The Court in *Scarabin* held that, since the DEA admittedly never had control over the actual $12,360, it could not lawfully have found the property forfeit under the rules of *in rem* forfeiture. *Id.*

Alternatively, the Court also found that the state court never lost jurisdiction over the property. *Id.* In *Scarabin,* Louisiana state law provided that, when property is seized by a search warrant, it must be retained under the judge's control. "From the moment of seizure the state district court had exclusive control over the *res* by virtue of issuing the search warrant that procured the seized funds and never relinquished that control to the DEA or any other agency or person." *Id.* The Court therefore held that a federal agency could not have obtained jurisdiction over the *res,* much less have found the *res* administratively forfeit, when a state court obtained jurisdiction first and never relinquished that jurisdiction. *Id.*

The Court agrees with the federal defendants that the plaintiff has not alleged a denial of due process in the administrative forfeiture proceedings, as required. However, even assuming that the plaintiff had alleged a denial of due process, the record clearly shows that the plaintiff was accorded due process, as notice was sent to the plaintiff at two residential addresses [5] and to the plaintiff's counsel, return receipt requested. Due process requires the government to provide notice which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Also, due process concerns set no specific time limit; rather, proceedings must merely be commenced without unreasonable delay. *U.S. v. One 1971 BMW 4-Door Sedan,* 652 F.2d 817, 821 (9th Cir.1981). Here, the proceedings both were reasonable and timely according to the governing statutes.

In the instant case, the notice was accepted for all three letters by signature. The DEA also published notice of the seizure in *USA Today.* The publication and letters notified the plaintiff that the last day to file a claim was February 13, 1996. By providing notice to the plaintiff and his attorney in the instant case, the agency complied with the constitutional requirements of due process. *Armendariz-Mata v. U.S. Dept. of Justice, Drug Enforcement Administration,* 82 F.3d 679, 683 (5th Cir.1996).

The Court finds that, while the law established in *Scarabin* is controlling, the facts are clearly distinguishable from the instant case. Unlike *Scarabin,* the federal defendants here did not exercise authority over the seized funds until after the state court turned the funds over by a court order. Further, the court in *Scarabin,* found that the property was never properly forfeited, as the DEA never had control over the funds, but rather the cashier's check. In the instant case, the DEA took control of the funds, but only after a proper turnover order released the state court's jurisdiction. At no time did federal and state authorities jointly claim a right to the seized funds in the instant case.

***(F)(2) The Fifth Circuit and Barrera***

A recent Fifth Circuit case followed *Scarabin. See Barrera-Montenegro v. U.S.,* 74 F.3d 657 (5th Cir.1996). The claimant, Alphonso Barrera-Montenegro, brought suit challenging forfeiture of currency found in his automobile. *Id.* at 658. The United States District Court for the Western District of Texas dismissed the complaint for lack of jurisdiction and the claimant appealed. *Id.* at 659. The Fifth Circuit held that the DEA did not satisfy the notice requirements of forfeiture procedure by sending notice of seizure to the claimant at the wrong address after having been informed four days previously of the claimant's correct address by his attorney. *Id.* at 661.

Barrera's attorney, Ronald Kuba, contacted the DEA regarding the status of the seized money on August 6, 1992, and August

5. Though the government allegedly believed that the two addresses reached the same residence, notice was sent to both addresses. This indicates to the Court a good faith effort to reach the plaintiff and provide him with notice of the proceeding.

24, 1992, and advised the DEA both of his address and that of his client. *Id.* at 658. Despite his efforts, the DEA never contacted Kuba in return. *Id.* On August 10, 1992, the DEA commenced forfeiture proceedings by mailing a notice of seizure to Barrera's New York address, as listed on his driver's license. *Id.* The notice was returned unclaimed. On August 19, 1992, DEA began a three-week publication of the notice in USA TODAY as required by 19 U.S.C. § 1607(a). *Id.* at 659. On December 4, 1992, the DEA issued a declaration of forfeiture. *Id.* The Court held that Barrera did not receive proper notice of the government's intent to forfeit his money and the forfeiture order was therefore void. *Id.* at 661.

The Court holds that *Barrera* is clearly distinguishable from the instant case. In *Barrera,* the attorney had contacted the DEA with his address and that of his client. Despite two contacts from Barrera's attorney, the DEA failed to reply and sent the notice to the address listed on his driver's license. However, in the instant case, the DEA sent notice to two residential addresses, at which the notice was signed for, as well as notice to Mr. Hawkins' attorney. Therefore, the facts in *Barrera* that operated to render the notice unconstitutional are clearly not similar to those of the instant case.

### *(F)(3) Analysis of this Case Under Fifth Circuit Jurisprudence*

Under the law established by the Fifth Circuit in *Scarabin* and *Barrera,* the forfeiture proceedings in the instant case clearly did not violate due process notice requirements. Therefore, the Court holds that the instant cause should be dismissed with prejudice as to all defendants. The United States government, by and through its agencies, did not violate due process rights of the plaintiff by adequately adhering to statutory and case law requirements for notice. The state defendants did not violate due process rights of the plaintiff by properly executing a turnover order and transferring the seized funds to the DEA as authorized by law. The plaintiff had no right to be informed of the turnover proceeding. However, though he was properly given notice of the federal forfeiture proceeding, he failed to timely file his claim and cost bond. His petition for remission or mitigation was denied. The plaintiff seeks to reverse the administrative forfeiture despite his failure to respond after notice.

The Court further notes that, despite limited jurisdiction in such a proceeding, the plaintiff's claims are limited to due process notice allegations. Having decided that adequate notice was given under the controlling law and due process was therefore not violated, the Court finds that summary judgment is proper as to all defendants, as there are no genuine issues of material fact.

### *(F)(4) Persuasive Authority Supporting the Court's Holding*

The Court will briefly examine the decisions of other Courts of Appeal. Though the plaintiff seeks to rely on decisions other than those of the Fifth Circuit, the Court acknowledges that only the Fifth Circuit and Supreme Court control in the instant case.

One frequently cited forfeiture case is *U.S. v. $79,123.49 in U.S. Cash and Currency,* 830 F.2d 94 (7th Cir.1987). However, this case is clearly distinguishable.

In *$79,123.49,* Wisconsin officials brought a forfeiture action against currency taken from claimants in the course of a drug deal. After the currency was deposited with the court, a deputy United States marshal seized the money to make it subject to a federal forfeiture action. The Seventh Circuit held that a federal court could not take jurisdiction over property seized by a federal agent prior to termination of a state forfeiture proceeding involving the same *res.*

When state and federal courts each proceed against the same *res,* "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935). This rule "avoid[s] unseemly and disastrous conflicts in the administration of our dual judicial system, and [protects] the judicial processes of the court first assuming jurisdiction." *Id.* In *Hagan v. Lucas,* the Supreme Court held that a U.S. marshal acting under

execution of an order from a federal court could not validly take possession of property that was the subject of a pending state court proceeding. 35 U.S. (10 Pet.) 400, 9 L.Ed. 470 (1836). "[P]roperty, once levied on, remains in the custody of the law, and it is not liable to be taken by another execution, in the hands of a different officer, and especially by an officer acting under a different jurisdiction." *Id.* 35 U.S. at 403.

The facts of *$79,123.49* clearly differ from those of the instant case. There was no state court action pending in the instant case at the time the federal authorities took control of the seized funds in the instant case. Instead, the state court action here properly transferred authority over the funds to the DEA. There was never two simultaneous proceedings in two different forums, as in *$79,123.49.*

The plaintiff frequently cites *U.S. v. One 1979 Chevrolet C–20 Van,* 924 F.2d 120 (7th Cir.1991) in support of his claim. In that case, the United States District Court for the Northern District of Illinois ordered forfeiture of a van seized by police of an Illinois town. The Seventh Circuit held that the district court had no jurisdiction to order the vehicle forfeited because federal authorities did not first seek a turnover order from the state court of the county in which the van was seized. The fact that federal authorities began an administrative forfeiture proceeding before the state court forfeiture action was filed did not operate to confer jurisdiction on the federal court. Furthermore, the fact that the state court voluntarily dismissed the state action for forfeiture of the seized van did not mean that the state had lost jurisdiction over the van, and federal authorities were still required to seek a turnover order from the state court in order to begin federal forfeiture proceedings against the van.

Again, these facts are clearly distinguishable from those of the instant case. The DEA did not begin administrative forfeiture proceedings in the instant case until after the turnover order by the state court. As in *$79,123.49,* there were two simultaneous proceedings in *One 1979 Chevrolet C–20 Van,* but not in the instant case. The primary concern about jurisdiction in such forfeiture cases, exclusivity, is not violated here.

Though only persuasive authority, the Court notes that other circuits have ruled similarly to the Fifth Circuit in *Scarabin* and *Barrera.* The actions of both the state defendants and the federal defendants in the instant case comply with forfeiture rules as defined by all of the courts cited.

## CONCLUSION

Therefore, after careful consideration, the Court dismisses this cause as to the federal agencies, the DOJ and the DEA, as they may not be properly sued in this case. The Court also holds that summary judgment is proper as to all remaining defendants. Even when viewing all of the evidence in the light most favorable to the plaintiff, the Court finds that there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law.

It is therefore

**ORDERED** that the federal defendants' *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Docket No. 28) and *Defendant, Henderson County, Texas' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Docket No. 36) are in all things **GRANTED.** It is further

**ORDERED** that this action be **DISMISSED WITH PREJUDICE** as to all defendants. It is further

**ORDERED** that all other further relief requested not herein expressly granted is hereby **DENIED.**