UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-41380
Summary Calendar
_____


JACK WILLIAM HAWKINS,

                    Plaintiff - Appellant,

     v.

HENDERSON COUNTY; ANDERSON COUNTY; ANDERSON COUNTY DRUG
INVESTIGATION UNIT; US DEPT PF JUSTICE; DRUG ENFORCEMENT
AGENCY; UNITED STATES OF AMERICA,

                    Defendant - Appellee.


_____

Appeal from the United States District Court for the
Eastern District of Texas
(6:97-CV-62)
_____

May 3, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jack William Hawkins (Hawkins) appeals from the district

court's denial of his request for remand to state court and the

summary judgment rendered in favor of appellees, the United States

of America and the United States Department of Justice, Drug

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

Enforcement Administration (United States), and Henderson County, Texas.

Hawkins filed a Petition for Bill of Review in a Texas state court challenging the validity of an order previously issued by the state court. Hawkins not only sought to set aside the previous order that had transferred funds to the custody of the United States, but also sought in his petition an order from the state court to have the United States return the seized finds. At the time Hawkins filed his Petition for Bill of Review, the United States had instituted and completed administrative forfeiture proceedings that entitled the United States to the funds. Hawkins was given notice of the forfeiture proceedings and was unsuccessful in his efforts to recover the funds in the forfeiture proceedings brought pursuant to federal law. It was only after his failure to recover the seized funds that he brought his Petition for Bill of Review both challenging the original transfer to the United States and seeking to have the state court order the United States to return the seized funds.

After reviewing the record and arguments on appeal, we find Hawkins' arguments that the district court was without jurisdiction and that the removal was improper to be without merit. Similarly, his arguments that summary judgment was improper are unavailing. Hawkins' interest in the funds was not divested by the original state court order transferring the funds to the control of the United States. Rather, his interest in the funds was divested only after a proper forfeiture proceeding, of which he had notice,

2

divested him of any interest in the seized funds.  We affirm the district court's denial of Hawkins' request for remand and the summary judgment essentially for the reasons set out in the succinct and well-reasoned order denying remand dated August 29, 1997 and the order granting summary judgment dated September 30, 1998.

AFFIRMED.