IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20504
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHNNY BINDER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-87-CR-314-2
- - - - - - - - - -

June 30, 1999

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Johnny Binder, Jr., federal prisoner #46490-079, appeals
from the denial of his motion for the return of property, namely,
a Rolls Royce motorcar and various jewelry items, pursuant to
FED. R. CRIM P. 41(e).  Binder contends that his property should
not have been forfeited and that he did not receive due process
during the forfeiture proceedings.  He argues that the property
that was forfeited was relevant to a charge of which he was
acquitted and that the notice given by the Drug Enforcement

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Administration was improper. He alleges that allegations regarding the relationship of the Rolls Royce that was forfeited to drug-trafficking were false and that Nathalia Binder (his mother) was hoodwinked into agreeing to the forfeiture of the Rolls Royce in a judicial forfeiture proceeding.

Because the Government sold the property that is the subject of Binder's motion, he may not obtain relief pursuant to Rule 41(e). *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). The district court need not have allowed Binder to amend his pleadings to state a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). First, Nathalia Binder agreed to the judgment forfeiting the Rolls Royce and judgment was entered by the district court. Binder is precluded from raising any claims regarding the agreed judgment. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Second, Binder received due process in the administrative forfeiture proceedings regarding the jewelry. *See Scarabin v. Drug Enforcement Admin.*, 919 F.2d 337, 338-39 (5th Cir. 1990). Binder's appeal is frivolous.

APPEAL DISMISSED. 5TH CIR. R. 42.2.